IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Oscar Levonia Simpkins,           )<br>                                                    )<br>                          Plaintiff,   )<br>                                                    )<br>       vs.                                        )<br>                                                    )<br>Joseph Patton, Ronald Davis,      )<br>and Gleamns, HRC,                    )<br>                                                    )<br>                          Defendants. )<br>_____) | Civil Action No. 8:06-2137-WMC<br><br>**O R D E R** |

       This matter is before the court on the motion to dismiss of defendants Joseph Patton and Ronald Davis. The plaintiff, who is proceeding *pro se*, alleges in his complaint that defendant Gleamns HRC, his employer, denied him a promotion based upon his race in violation of Title VII of the Civil Rights Act of 1964, as amended. He also named as defendants Mr. Patton, the Chief Executive Officer of defendant Gleamns, and Mr. Davis, the Chief Operating Officer of defendant Gleamns.

       The case was referred to this court for disposition on October 30, 2006, pursuant to Title 28, United States Code, Section 636(c), Federal Rule of Civil Procedure 73, and Local Rule 73.01(B), DSC, by order of the Honorable G. Ross Anderson, Jr., United States District Judge, and upon consent of the parties.

       On October 6, 2006, defendants Patton and Davis moved for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief may be granted. By order filed on October 10, 2006, pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), the plaintiff was advised of the dismissal procedure and the possible consequences if he failed to adequately respond to the motion. The plaintiff filed a response to the defendants' motion on November 13, 2006.

When considering a motion to dismiss pursuant to Rule 12(b), the court is required to "accept the allegations in the complaint as true, and draw all reasonable factual inferences in favor of the Plaintiff. [The motion can be granted] only if no relief could be granted under any set of facts that could be proved." *Southmark Prime Plus L.P. v. Falzone*, 776 F.Supp. 888, 890 (D. Del.1991) (quoting *Turbe v. Government of Virgin Islands*, 938 F.2d 427, 428 (3rd Cir.1991)). Additionally, the federal court is charged with liberally construing a complaint filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Cruz v. Beto*, 405 U.S. 319 (1972). As the plaintiff is proceeding *pro se*, his pleadings are considered pursuant to this liberal standard. However, even though summary dismissal of a case pursuant to Rule 12 is disfavored, *Cardio-Medical Associates Ltd. v. Crozer-Chester Medical Center*, 536 F.Supp. 1065, 1072 (E.D .Pa.1982), the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. *Weller v. Department of Social Services*, 901 F.2d 387 (4th Cir.1990).

A Title VII claim can be asserted only against an employer and cannot be asserted against individual supervisors. *See Lissau v. Southern Food Services, Inc.*, 159 F.3d 177, 180-81 (4th Cir. 1998). In *Lissau*, the Fourth Circuit Court of Appeals explained that individuals cannot be held liable in civil suits under Title VII because the language in the Title VII definition of "employer"[1] was intended to make employers responsible for the acts of those who were the employer's agents, rather than to extend personal liability to those agents. *Id.* at 180.

Furthermore, to the extent the plaintiff is asserting a claim of race discrimination under the South Carolina Human Affairs Law, the defendants are entitled to

---

[1] Title VII defines "employer" to include certain persons who employ 15 or more workers and "any agent of such a person." 42 U.S.C. §2000e(b).

dismissal on the same grounds discussed above. The definition of "employer" under the South Carolina Human Affairs Law is almost identical to the definition of "employer" under Title VII. *See* S.C. Code Ann. § 1-13-30(e). Moreover, the legislature in enacting the South Carolina Human Affairs Law specifically noted that:

> Nothing in this chapter may be construed to create a cause of action against a person not covered by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e, *et seq.*, if the cause of action arises from discrimination on the basis of race, color, religion, sex, or national origin.

S.C. Code Ann. § 1-13-100. Because these defendants cannot be held liable for race discrimination under Title VII, they cannot be held liable for race discrimination under the South Carolina Human Affairs Law. *See Orr v. Clyburn,* 290 S.E.2d 804, 806 (S.C. 1982), (recognizing that the South Carolina Human Affairs Law follows the substantive structure of Title VII and that cases which interpret the provisions of Title VII which are essentially identical to the Human Affairs Law are to be given persuasive if not controlling authority).

Now, therefore, based upon the foregoing,

IT IS ORDERED that the motion to dismiss is granted, and defendants Patton and Davis are dismissed from this action.

IT IS SO ORDERED.

s/William M. Catoe
United States Magistrate Judge

November 16, 2006

Greenville, South Carolina