IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

ANDERSON DIVISION

| | |
|---|---|
| Oscar Levonia Simpkins, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>GLEAMNS Human Resources )<br>Commission, )<br>)<br>Defendant. )<br>) | Civil Action No. 8:06-2137-WMC<br><br>**O R D E R** |

This matter is before the court on the defendant's motion for summary judgment pursuant to Federal Rule of Civil Procedure 56. The plaintiff, who is proceeding *pro se*, alleges that the defendant, his current employer, racially discriminated against him when it failed to promote him to a maintenance manager position. He alleges a cause of action for failure to promote in violation of Title VII of the Civil Rights Act of 1964, as amended.

The case was referred to this court for disposition on October 30, 2006, pursuant to Title 28, United States Code, Section 636(c), Federal Rule of Civil Procedure 73, and Local Rule 73.01(B), DSC, by order of the Honorable G. Ross Anderson, Jr., United States District Judge, and upon consent of the parties.

**FACTS PRESENTED**

On October 6, 2005, the plaintiff, an African-American male who was employed as a bus driver/custodian by defendant GLEAMNS Human Resources Commission ("GLEAMNS"), filed a discrimination action with the Equal Employment Opportunity Commission ("EEOC"), alleging that the defendant denied him a promotion to

a maintenance manager position based upon his race (pl. dep. 44, ex. 4.) GLEAMNS is a public, nonprofit organization that provides social services for eligible clients and operates in Greenwood, Laurens, Edgefield, Abbeville, McCormick, Newberry, and Saluda Counties.

On March 31, 2006, the South Carolina Human Affairs Commission ("SHAC") responded to plaintiff's allegations with a no cause dismissal and notice of right to sue based upon information obtained during its investigation (pl. dep. 44-45, ex. 5.) The EEOC adopted the findings of SHAC on May 3, 2006 (pl. dep. 45, ex. 6.)

On July 27, 2006, plaintiff filed a *pro se* complaint stating a cause of action for race discrimination under Title VII against defendants GLEAMNS, Ronald Davis, and Joseph Patton. He alleged that a "maintenance manager job announcement was posted June 10, 2004," and "on April 22, 2005 maintenance manager job w[as] eliminated from position," and "a White employee has been performing the duties of maintenance manager" (comp. at III). On November 16, 2006, this court dismissed Joseph Patton and Ronald Davis as defendants in this case.

As an employee of GLEAMNS, the plaintiff has worked as a custodian/bus driver at the Greenwood Learning Center since March 2001 (pl. dep. 9-10). Throughout his employment, the plaintiff, along with six other custodians, has performed maintenance work for GLEAMNS as necessary after hours (outside their normal work schedules) (pl. dep. 17-20). Of the seven custodians only one, Edward Weeks ("Weeks"), is Caucasian (*id.*). From 2001 through 2004, Weeks was the lead person on all maintenance projects (pl. dep. 20).

On June 10, 2004, GLEAMNS posted a job opening for a maintenance manager position, and only the plaintiff and Weeks applied for the job (pl. dep. 21-22, ex. 2). Both the plaintiff and Weeks interviewed with Head Start Director Dr. Thomas McCain ("McCain"), who is also an African-American, in July 2004 (*id.*). During the interview process, Dr. McCain discovered that Weeks did not meet the position's minimum

requirements – a high school diploma or GED – while the plaintiff's educational background exceeded the requirements (McCain aff. ¶ 9).

In September 2004, Dr. McCain informed the plaintiff that the defendant had decided not to fill the maintenance position due to the defendant's need to hire a registered nurse based on a consulting firm's recommendation in 2002 (pl. dep. 26-28). In the plaintiff's deposition, he testified that he found out the defendant "decided not to have a maintenance manager" in September 2004 (pl. dep. 26). The plaintiff then met with Dr. Patton, the CEO of GLEAMNS, and Mr. Davis, the COO of GLEAMNS, both of whom are also African-American (pl. dep. 26-27). Dr. Patton and Mr. Davis informed the plaintiff that after reviewing the situation the decision was made that GLEAMNS did not need a maintenance manager position, but instead really needed a nurse (pl. dep. 27-28). In his affidavit, the plaintiff also acknowledged that after his interview with Dr. McCain in July 2004, "two months passed, then GLEAMNS put plaintiff on notice that a nurse was needed" (pl. aff. ¶ 8).

The plaintiff requested that Dr. McCain give him an "official document" stating that the maintenance manager position would not be filled (pl. dep. 34-35). The plaintiff then received a letter, dated April 22, 2005, from Dr. McCain stating that the maintenance position was eliminated and replaced with a nurse position (pl. dep., ex. 3).

The plaintiff argues that the defendant filled the maintenance manager position with Weeks, but did not give him the title since Weeks has been performing tasks outlined in the maintenance manager job posting (pl. dep. 31-32, ex. 2). The defendant maintains that the maintenance manager position was never filled.

## APPLICABLE LAW

Federal Rule of Civil Procedure 56(c) states, as to a party who has moved for summary judgment:

> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

Accordingly, to prevail on a motion for summary judgment, the movant must demonstrate that: (1) there is no genuine issue as to any material fact; and (2) that he is entitled to judgment as a matter of law. As to the first of these determinations, a fact is deemed "material" if proof of its existence or non-existence would affect disposition of the case under applicable law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). An issue of material fact is "genuine" if the evidence offered is such that a reasonable jury might return a verdict for the non-movant. *Id.* at 257. In determining whether a genuine issue has been raised, the court must construe all inferences and ambiguities against the movant and in favor of the non-moving party. *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962).

The party seeking summary judgment shoulders the initial burden of demonstrating to the district court that there is no genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the movant has made this threshold demonstration, the non-moving party, to survive the motion for summary judgment, may not rest on the allegations averred in his pleadings. Rather, the non-moving party must demonstrate that specific, material facts exist which give rise to a genuine issue. *Id.* at 324. Under this standard, the existence of a mere scintilla of evidence in support of the plaintiff's position is insufficient to withstand the summary judgment motion. *Anderson*, 477 U.S. at 252. Likewise, conclusory allegations or denials, without more, are insufficient to preclude the granting of the summary judgment motion. *Ross v. Communications Satellite Corp.*, 759 F.2d 355, 365 (4th Cir. 1985). "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.

Factual disputes that are irrelevant or unnecessary will not be counted." *Anderson*, 477 U.S. at 248. Furthermore, Rule 56(e) provides in pertinent part:

> When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleadings, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed.R.Civ.P. 56(e). Accordingly, when Rule 56(e) has shifted the burden of proof to the non-movant, he must produce existence of every element essential to his action that he bears the burden of adducing at a trial on the merits.

## ANALYSIS

Because the plaintiff received actual notice of the defendant's choice to eliminate the maintenance position in September 2004, the plaintiff did not timely file his cause of action with the EEOC and SHAC. Title VII requires an individual to file a discrimination charge with the EEOC and/or SHAC within 300 days after the alleged unlawful employment practice. *See* 42 U.S.C. §2000e-5(e)(1). This filing requirement acts as a statute of limitation. *McCullough v. Branch Banking & Trust Co.*, 35 F.3d 127, 131 (4th Cir. 1994). Therefore, failure to file a claim within the 300-day period bars a plaintiff from pursing a Title VII lawsuit in this court with respect to any alleged discriminatory act that falls outside the period. *United Black Firefighters of Norfolk v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979); *see National RR Passenger Corp. v. Morgan*, 536 U.S. 101, 110 (2002). It is the date of the actual decision and not any other date that determines the timeliness of an individual's claims. *Williams v. Giant Food Inc.*, 370 F.3d 423, 428 (4th Cir. 2004); *see Scoggins v. Douglas*, 760 F.2d 535, 537 (4th Cir. 1985) (*per curiam*) (affirming district court's decision that the plaintiff's failure to promote claim accrued when he learned of the

selection decision). The Supreme Court has stated that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980).

In this matter, the plaintiff filed a charge with the EEOC and SHAC against the defendant on October 6, 2005. Because he had actual notice of the defendant's decision not to promote him in September 2004, this filing was untimely. In the plaintiff's deposition, he stated that "they decided not to have a maintenance manager" in September 2004 (pl. dep. 26). Also, in the plaintiff's affidavit, he stated that after his interview with Dr. McCain in July 2004, "two months passed, than GLEAMNS put plaintiff on notice that a nurse was needed" (pl. aff. ¶ 8). Although the plaintiff alleges that the letter he received on April 22, 2005, constitutes notice that he was denied the promotion, his own testimony that he received notice in September 2004 counters that allegation. Furthermore, any allegation by the plaintiff that the defendant appointed Weeks to the maintenance manager position before the position was posted in June 2004 (pl. resp. m.s.j. 11) is also untimely. Based on the plaintiff's own testimony, the plaintiff's claim is time barred. Therefore, the defendant is entitled to summary judgment.

## CONCLUSION

Wherefore, based upon the foregoing, the defendant's motion for summary judgment is granted. The Clerk is directed to enter judgment in favor of the defendant.

IT IS SO ORDERED.

s/WILLIAM M. CATOE
United States Magistrate Judge

July 10, 2007

Greenville, South Carolina